1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES DALTON BELL,

                   Petitioner,

        v.

UNITED STATES OF AMERICA,

                   Respondent.

Case No.  C10-5175RBL/JRC

REPORT AND RECOMMENDATION TO
TRANSFER THIS ACTION TO THE NINTH
CIRCUIT AS SECOND OR SUCCESSIVE

**NOTED FOR:  May 7, 2010**

       This habeas corpus action, improperly filed pursuant to 28 U. S.C. 2241, has been

referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and

636 (b)(1)(B) and Local Magistrate Judge's Rules MJR 3 and MJR 4.  Petitioner seeks an

injunction preventing parole officers from supervising him.  He has filed a number of emergency

motions, which could not be addressed until the filing fee was paid and a motion to recuse had

been addressed.  He is under supervision from criminal cause number 00-CR-5731FDB.

       Mr. Bell argues that federal judges lack jurisdiction to hear criminal cases.  Thus, he

claims he should not be under supervision.

REPORT AND
RECOMMENDATION - 1

He previously raised this same argument in his criminal case, and in a petition challenging the underlying conviction that lead to his current parole.  See 06-CV-5148FDB (addressing a petition from criminal action 00-CR-5731FDB)(the court held that as a 2255 petition it would be time-barred).

While petitioner attempts to file this action pursuant to 28 U.S.C. § 2241, he is actually challenging the validity of his conviction and sentence and the action is properly considered as a 28 U.S.C. § 2255 petition.  This petition is second or successive.

The prior federal habeas corpus petition, filed in this court, dismissed his claims with prejudice as time barred.  See, 06-CV-5148FDB.  The court concludes this is a second or successive petition and should be transferred to the Ninth Circuit.

DISCUSSION

Ninth Circuit Rule 22-3 (a) states:

I.      **Application**.  Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255.  An original and five copies of the application must be filed with the Clerk of the Court of Appeals.  No filing fee is required.  If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

This case must be transferred to the Ninth Circuit.

CONCLUSION

Based on the foregoing discussion, the Court should transfer this matter as a second or successive petition and administratively close the file.  All pending motions should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

1  purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit

2  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 7, 2010,**

3  as noted in the caption.

4           Dated this 13th day of April, 2010.

5

6

7

8  J. Richard Creatura
   United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND
RECOMMENDATION - 3