```
      FILED _____ LODGED
           RECEIVED
       APR 29 2010
     CLERK U.S. DISTRICT COURT
 WESTERN DISTRICT OF WASHINGTON AT TACOMA
                              DEPUTY
```

Jim Bell, 7214 Corregidor
Vancouver WA 98664
April 28, 2010

To:
Tacoma Federal Court:          FILED BY Fax 1-253-882-3801
Judge Leighton
1717 Pacific
Tacoma Washington

CONSIDER THIS A FILING IN CASE 10-cv-5175 and 00-5731

 COMES NOW habeas petitioner Bell. On April 15, 2010, I arrived at Tacoma Federal Court for a hearing in case 00-5731. At that hearing, I was asked what I 'pled' in regards to a 'probation violation'. At that time, and again now, I refused to plead "not guilty" nor "guilty", in part because the correct procedural posture of the case is the Habeas Petition that I have repeatedly filed to your court. I did so in reliance to my right, as stated in case, Jones v. Barnes, 463 U.S. 745 (1983):
  "It is also recognized that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal, *see Wainw'right v. Sykes*, 433 U. S. 72, 433 U. S. 93, n. 1 (1977) (BURGER, C.J., concurring)".
 In addition to filing a valid habeas petition under 28 U.S.C. 2241, case 10-cv-5175, I also recently filed in the case 00-5731 a filing under F.R.Civ.P. 12(b)(6), that the government has stated a claim upon which relief cannot be granted: Given my challenge to this court's jurisdiction under all Federal criminal statutes, this court cannot 'enforce' an 'Order' made pursuant to a 'criminal case' under federal criminal statute.

 According to statute 28 U.S.C. 2243, upon arrival of a filing under 28 U.S.C. 2241 at the court, the document must be presented to a judge, who then must 'forthwith' take certain steps to adjudicate the matter. This court has neither ordered the Respondent to file a responsive "Answer", nor has the court held that the petitioners (Bell and the subsequently-amended class). So, as of today, there is only one path available, to grant the petition and order each of the petitioners' release. (This court was also obliged to appoint a class-action counsel for the class under F.R.Civ.P. 23(g).)

LEGAL, RULE, AND ETHICAL PROBLEMS

 This court was obliged upon arrival of Bell's habeas (even as early as December 2007) to raise the issue of the court's lack of general criminal jurisdiction 'sua sponte'; see Steel Co. v. Citizens for a Better Env., (1998). Apparently this has not been done.

 Further, the prosecutor has been obliged for a few years (due to a rules-change by

1

1 of 6



10-CV-05175-LTR

the ABA) to inform each defendant, prisoner, or ex-defendent of any facts which might tend to cast doubt on the validity of his charge, conviction, or sentence. I informed both the prosecutor and this court of this fact in January 2010. Apparently, however, this also has not been done. See, below, the then-proposed ethical rules that bound the prosecutor to inform defendants of this information.

Further, since I informed the local CJA attorney organization more than a month ago about their own obligations to defend their clients on this issue, they have apparently failed to do so. This includes every attorney appointed for a federal criminal case in the Western District of Washington.

CONCLUSION

I continue to refuse to plead in a 'probation' case where I have already properly challenged the jurisdiction of this court, and stand on my rights. The correct procedural posture of this case is that of a 28 U.S.C. 2241 where the government has either defaulted on this habeas, or where the government has not been involved in this case due to the court's failure to issue an Order under 28 U.S.C. 2243 to file a responsive Answer.

Signed, _____  Dated, _____
        Jim Bell

The following is the 2006-proposed ethical rule requiring prosecutors to inform defendants and convicts, etc, of facts concerning innocence. Equivalent rules bind judges and defense attorneys.

---

**Proposed Model Rules of Professional Conduct, Rules 3.8(g) and (h)**
**(Prosecutorial Ethics and Wrongful Convictions)**
The Committee on Ethics, Gideon and Professionalism proposes that the Section on Criminal Justice sponsor a resolution in the ABA House of Delegates to add two provisions and accompanying Comments to the ABA Model Rules of Professional Conduct.
Proposed Rules 3.8(g) and (h), and the accompanying Comments, are appended to this report. They address the prosecutor's ethical responsibility to individuals who are wrongfully convicted, and they are taken verbatim from provisions adopted by the House of Delegates of the New York State Bar Association on November 4, 2006. This report describes the genesis of the proposed rules.
Proposed Rules 3.8(g) and (h) and the accompanying Comments were adopted by the New York State Bar Association in the course of its comprehensive review of the state's disciplinary code. The proposed provisions are expected to be presented to the judiciary in 2008 as part of proposed comprehensive amendments to the New York Code

2 of 6

of Professional Responsibility. The proposed Rules were adopted with the support of local bar associations and with virtually no opposition in the state bar's House of Delegates after a drafting process that involved significant input from state and federal prosecutors and representatives of the criminal defense bar.

The rules had their genesis in a 2005 Report of the Professional Responsibility Committee of the Association of the Bar of the City of New York ("ABCNY"). The Report was adopted and published by the Association in 2006.1 The Report considered various aspects of prosecutors' duties. Among other provisions, against the background of recent knowledge about the fallibility of the criminal justice process, the Report proposed a rule regarding the prosecutor's obligation to the wrongfully convicted. The report stated: "In light of the large number of cases in which defendants have been exonerated...it is appropriate to obligate prosecutors' offices to"...consider "credible post-conviction claims of innocence." 2 The premise of the proposal was that prosecutors have ethical responsibilities upon learning of new and material evidence that shows that it is likely that convicted person was innocent. These responsibilities include a duty to disclose the evidence, to conduct an appropriate investigation, and, upon becoming convinced that a miscarriage of justice occurred, to take steps to remedy it.

The ABCNY proposal was presented to the state bar's Committee on Standards of Attorney Conduct ("COSAC"), which had been appointed to review the existing New York Code of Professional Responsibility in light of the 2002 amendments to the ABA

1 Proposed Prosecution Ethics Rules, The Committee on Professional Responsibility, 61 The Record of
the Association of the Bar of the City of New York. 69 (2006).
2 Id at 73.

Model Rules of Professional Conduct and to propose comprehensive revisions. COSAC is chaired by a former state bar president, Steven Krane, who now also chairs the ABA Standing Committee on Ethics and Professional Responsibility. It includes in its membership a diverse group of practitioners and academics from around the state with expertise in legal ethics. COSAC agreed with the premise of the ABCNY proposal, drafted provisions that captured the substance of the proposal, and circulated them for a lengthy period of public comment.

COSAC's proposed Rules 3.8(g) and (h) received comment from a wide range of state and federal prosecutors and district attorneys' organizations, defense organizations and bar associations. ABCNY and the New York County Lawyers Association supported the rule as did many prosecutorial and defense organizations, albeit with various suggested drafting changes. No one took issue with the underlying premise that prosecutors have professional duties upon learning that a wrongful conviction may have occurred. The comments were duly considered by COSAC, which then conducted a daylong meeting attended by representatives of more than thirty prosecutor, defender and bar association representatives. Extensive discussion during that meeting resulted in revisions to Rules 3.8(g) and (h) and the accompanying Comments. As revised, Rules 3.8(g) and (h) and the accompanying Comments were adopted by the state bar's House of Delegates, as follows:

RULE 3.8:
SPECIAL RESPONSIBILITIES OF PROSECUTORS
(g) When a prosecutor comes to know of new and material evidence creating a reasonable likelihood that a convicted defendant did not commit the offense for which the defendant was convicted, the prosecutor shall:
(1) disclose that evidence to the convicted defendant and any appropriate court or authority; and

3   of 6

(2) undertake such further inquiry or investigation as may be necessary to determine whether the conviction is wrongful.

(h) When a prosecutor comes to know of clear and convincing evidence establishing that a conviction was wrongful, the prosecutor shall take appropriate steps to remedy the wrongful conviction.

**Comment**

[6A] Reference to a "prosecutor" in this Rule includes the office of the prosecutor and all lawyers affiliated with the prosecutor's office who are responsible for the prosecution function. Like other lawyers, prosecutors are subject to Rule 3.3, which requires a lawyer to take reasonable remedial measures to correct material evidence that the lawyer has offered when the lawyer comes to know of its falsity. See Comment [6A] to Rule 3.3.

[6B] The prosecutor's duty to seek justice has traditionally been understood not only to require the prosecutor to take precautions to avoid convicting innocent individuals, but also to require the prosecutor to take reasonable remedial measures when it appears likely that an innocent person was wrongly convicted. Rules 3.8(g) and (h) express this traditional understanding. Accordingly, when a prosecutor comes to know of new and material evidence creating a reasonable likelihood that a person was wrongly convicted, paragraph (g) requires the prosecutor to examine the evidence and undertake such further inquiry or investigation as may be necessary to determine whether the conviction was wrongful. The scope of the inquiry will depend on the circumstances. In some cases, the prosecutor may recognize the need to reinvestigate the underlying case; in others, it may be appropriate to await development of the record in collateral proceedings initiated by the defendant. The nature of the inquiry or investigation must be such as to provide a "reasonable belief," as defined in Rule 1.0(i), that the conviction should or should not be set aside.

[6C] Additionally, paragraph (g) requires the prosecutor to disclose the new evidence to the defendant so that defense counsel may conduct any necessary investigation and make any appropriate motions directed at setting aside the verdict, and requires the prosecutor to disclose the new evidence to the court or other appropriate authority so that the court can determine whether to initiate its own inquiry. The evidence should be disclosed in a timely manner, depending on the particular circumstances. For example, disclosure of the evidence may be deferred where it could prejudice the prosecutor's investigation into the matter. If the convicted defendant is unrepresented and cannot afford to retain counsel, the prosecutor should request that the court appoint counsel for purposes of these post conviction proceedings. The postconviction disclosure duty applies to new and material evidence of innocence regardless of whether it could previously have been discovered by the defense.

[6D] Under paragraph (h), once the prosecutor knows of clear and convincing evidence that the defendant was convicted of an offense that the defendant did not commit, the prosecutor must seek to remedy the injustice by taking appropriate steps to remedy the wrongful conviction. These steps may include, depending on the particular circumstances, disclosure of the evidence to the defendant, requesting that the court appoint counsel for an unrepresented indigent defendant and, where appropriate, notifying the court that the prosecutor believes that the defendant was wrongfully convicted.

[6E] The duties in paragraphs (g) and (h) apply whether the new evidence comes to the attention of the prosecutor who obtained the defendant's conviction or to a different prosecutor. If the evidence comes to the attention of a prosecutor in a different prosecutor's office, the prosecutor should notify the office of the prosecutor who

obtained the conviction.
Bruce A. Green
Ellen Yaroshefsky
November 7, 2006

---

And, here is a copy of 28 U.S.C. 2243:

---

28 U.S.C. 2243:
**Text:**
A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained.

It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

The return and all suggestions made against it may be amended, by leave of court, before or after being filed.

The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

**Historical And Revision Notes**

Based on title 28, U.S.C., 1940 ed., Secs. 455, 456, 457, 458, 459, 460, and 461 (R.S. Secs. 755-761). Section consolidates sections 455-461 of title 28, U.S.C., 1940 ed. The requirement for return within 3 days "unless for good cause additional time, not exceeding 20 days is allowed" in the second paragraph, was substituted for the provision of such section 455 which allowed 3 days for return if within 20 miles, 10 days if more than 20 but not more than 100 miles, and 20 days if

5      5 of 6

more than 100 miles distant.